UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATONIA M. FOSTER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 15-cv-11108 |
| v. | ) | |
| | ) | |
| ALLIANCEONE RECEIVABLES, | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Latonia M. Foster, through her counsel, Wood Finko & Thompson P.C., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Latonia M. Foster ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One Bank account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") is a Delaware corporation, with its registered agent located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. (Exhibit A, Record from Delaware Secretary of State).

5. Defendant AllianceOne conducts substantial business in the state of Illinois, including mailing collection letters to hundreds of Illinois Consumers and sending data on thousands of Illinois consumers to the TransUnion Credit Reporting Agency, located in Chicago, Illinois.

6. Defendant AllianceOne is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant AllianceOne regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Capital One Bank account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. AllianceOne was subsequently retained or hired to collect the alleged debt.

11. On or about March 9, 2015, AllianceOne mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

12. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an amount due.

13. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

14. The Letter conveyed a balance on the alleged debt of $718.96.

15. The Letter also conveyed a settlement amount of $467.32.

16. The Letter stated in relevant part:

> **Please be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client. (Exhibit B, Collection Letter).**

17. Capital One Bank does not report all balances forgiven in the amount of $600 or greater to the Internal Revenue Service.

18. In fact, Capital One Bank has no legal right to report all balances forgiven in the amount of $600 or greater to the Internal Revenue Service.

19. Treasury Regulation 1.6050P requires that an "applicable entity" report a cancellation or discharge of indebtedness in excess of $600 if, *and only if*, there has occurred an "identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

20. There are eight exceptions to the reporting requirement. 26 C.F.R § 1.6050P-1(d).

21. The most pertinent of these exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

22. It is possible for a creditor to forgive $600 or more of the debt and not be required to file a 1099C with the Internal Revenue Service.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24. AllianceOne made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it stated that Capital One Bank reports balances forgiven in the amount of $600 or greater to the Internal Revenue Service.

25. AllianceOne threatened to take an action it could not legally take when it told Plaintiff that Capital One Bank would report any balance forgiven in the amount of $600 or greater, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

26. Defendant's statement falsely raises the specter of the IRS should a consumer fail to pay the alleged debt in full where in reality, there are many circumstances where there would be no IRS involvement.

27. The Letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

28. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

31. Defendant AllianceOne violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by falsely representing that the original creditor, Capital One Bank, may report any settlement in the amount of $600 or greater less than the alleged balance to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
Attorney for Plaintiff

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com