UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONIA M. FOSTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-11108 |
| v. ) | |
| ) | Judge John W. Darrah |
| ) | |
| ALLIANCEONE RECEIVABLES ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Latonia M. Foster ("Plaintiff"), filed this suit against AllianceOne Receivables Management, Inc. ("AllianceOne" or "Defendant") on December 10, 2015. The Complaint alleges that AllianceOne violated Section 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's Motion [8] is denied.

**BACKGROUND**

The following is taken from the Third Amended Complaint, which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff is a resident of the State of Illinois. (Compl. ¶ 3.) AllianceOne is a Delaware corporation, with its registered agent located in Wilmington, Delaware. (Compl. ¶ 4.) AllianceOne is a "debt collector" as defined in 15 U.S.C. 1692a(6) of the FDCPA. (Compl. ¶ 7.)

Plaintiff incurred a debt from Capital One Bank (USA), N.A. ("Capital One"). (Compl. ¶ 8.) Defendant sent Plaintiff a single collection letter ("Letter") on or about

March 9, 2015, advising that its client, Capital One, had referred her debt to AllianceOne for collection. The letter listed the balance on the Capital One account as $718.96 and stated, "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client." The letter also stated that the Defendant was authorized to reduce the amount owed in exchange for a settlement payment in the amount of $467.32. (Dkt. 8.) On January 6, 2016, Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject matter of the case to present a story that holds together.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded

factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

Plaintiff's Complaint alleges that the Letter sent by AllianceOne violated Section 1692e of the FDCPA because it contained false or misleading representations. Specifically, Plaintiff alleges that the Defendant included language regarding the Internal Revenue Service ("IRS") in an attempt to intimidate her.

Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt; . . .
>
>> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>>
>> \*          \*          \*
>>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

"[I]n deciding whether . . . a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 774 (7th Cir. 2007). The court views the letter through the perspective of an "unsophisticated consumer." *Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012). "Materiality is an ordinary element of any federal claim based on a false or misleading statement." *Hahn v. Triumph P'ships,* 557 F.3d 755,

757 – 58 (7th Cir. 2009). A false or misleading statement is material if it has "the ability to influence a *consumer's* decision," *O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 942 (7th Cir. 2011).

Defendant argues that the language in question is not misleading because even an unsophisticated consumer would know that the offered debt write-off did not meet the $600 threshold mentioned in the Letter. Defendant further argues that the language was an accurate statement of the law and that it was immaterial because it did not apply to Plaintiff. Plaintiff argues that the language is not an accurate statement because there are exceptions to the IRS reporting requirement. As noted by Defendant, the statement in question notes that a settlement "may be reported" to the IRS but does not state that all settlements waiving $600.00 or more would be reported. Further, the language does not imply that any particular outcome might occur except in those cases where a settlement write-off of over $600.00 has occurred.

However, Plaintiff also argues that including any language regarding the IRS is a "collection ploy designed to deceive or mislead" the consumer into thinking that the IRS could be involved in their debt where there is no set of circumstances in which the IRS would be involved. At issue in this case is whether the unsophisticated consumer would plausibly be deceived by the Letter, and whether this deception would lead that consumer to settle the matter without negotiating the debt for fear that the settlement would be reported to the IRS. While the language at issue is not necessarily a misrepresentation of the law, by Defendant's own admission, the offered debt write-off does not meet the $600.00 threshold mentioned. It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead "a person of modest education and limited commercial savvy." As a consumer may forego his or her rights related to the disputed debt, by settling the

matter without negotiation due to this deception, the statement in question is material. Accepting the Complaint's well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges sufficient facts to state a plausible claim for relief.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [8] is denied.

Date: _____April 28, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge